UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TERRANCE M. HUTCHINSON,**
      Petitioner,

v.                                          Case No. 20-CV-1830

**DYLON RADTKE,**
      Respondent.

## ORDER

Petitioner Terrance M. Hutchinson is serving a life sentence without the possibility of extended supervision at Green Bay Correctional Institution after pleading guilty to one count of first-degree intentional homicide with a dangerous weapon as party to a crime. He seeks a writ of habeas corpus under 28 U.S.C. § 2254 on the ground that he did not voluntarily, knowingly, and intelligently enter his guilty plea. For the reasons stated below, I will deny Hutchinson's petition.

### I. BACKGROUND

The State of Wisconsin charged Terrance M. Hutchinson with one count of first-degree intentional homicide with a dangerous weapon as party to a crime after he and his girlfriend, Shannon Carson-Quinn, killed a former coworker. Hutchinson agreed to plead guilty to the charged offense. At the plea hearing, the prosecutor stated that in exchange for the guilty plea the State "would leave to the sound district of [the trial court] as to when or whether the defendant would be eligible to petition for parole." ECF No. 10-9 at 2:25–3:2. The trial court accepted Hutchinson's plea and sentenced him to life imprisonment without eligibility for release, plus an additional five years for a dangerous weapons enhancer.

Hutchinson sought to withdraw his guilty plea on a postconviction motion under Wis. Stat. § 974.02. He alleged that he did not voluntarily, knowingly, and intelligently enter his guilty plea because (1) the trial court's plea colloquy did not expressly inform him of the three options for extended supervision on a life sentence as required by Wis. Stat. § 971.08, and (2) the plea agreement, under which the State agreed to leave parole eligibility to the trial court's discretion, was based on a legal impossibility because the trial court did not have the authority to grant parole under Wis. Stat. § 973.014.

The trial court ordered briefing on the plea colloquy claim but rejected the second claim in a footnote. It "was satisfied that the prosecutor misspoke at the plea hearing when he referred to *parole* eligibility instead of extended supervision." ECF No. 10-5 at 3.

The trial court then ordered an evidentiary hearing on the plea colloquy claim. Hutchinson and his trial attorney, Richard Hart, testified. The trial court admitted into evidence the plea questionnaire, a plea questionnaire attachment created by Attorney Hart that included the extended supervision language of Wis. Stat. § 973.014(1g)(a), and a letter written by Hutchinson to Carson-Quinn that included parts of Wis. Stat. § 973.014(1g)(a). The trial court denied Hutchinson's motion, concluding that "the evidence shows clearly and convincingly that the defendant knew, that the defendant understood the three options that the sentencing court would have for a [first-]degree intentional homicide." ECF No. 10-12 at 22:4–7.

Hutchinson appealed both the plea colloquy claim and the legal impossibility claim. The Wisconsin Court of Appeals summarily affirmed. On the plea colloquy claim, the court of appeals concluded that the trial court's factual findings were not clearly erroneous. Those findings included "(1) the plea colloquy informed Hutchinson that the maximum

2

Case 2:20-cv-01830-LA   Filed 12/08/21   Page 2 of 9   Document 21

period of imprisonment was life, even if it did not review the extended supervision options; (2) trial counsel's plea attachment clearly delineated the trial court's sentencing options; (3) Hutchinson told the trial court during the plea colloquy that he had reviewed and understood the plea forms; and (4) Hutchi[n]son's testimony at the motion hearing was not credible." ECF No. 10-5 at 5. Based on those findings, the court of appeals agreed with the trial court's conclusion that Hutchinson voluntarily, knowingly, and intelligently entered his guilty plea.

On the legal impossibility claim, the court of appeals also agreed with the trial court's factual finding that "the State simply misspoke at the plea hearing when it referred to parole instead of extended supervision." *Id.* at 6. In support of this conclusion, the court of appeals noted that the plea questionnaire referred to "supervised release" and that the plea questionnaire attachment created by Attorney Hart included the extended supervision language of Wis. Stat. § 973.014(1g)(a). It further concluded that the State's error was harmless.

Hutchinson filed a petition for review, which the Wisconsin Supreme Court denied. His petition raised one issue: "Is Hutchinson entitled to withdraw his guilty plea because the plea agreement was an agreement to a legal impossibility." ECF No. 10-6 at 3.

Hutchinson filed the instant petition for a writ of habeas corpus. Like his petition for review, his petition raises one claim for relief: "Hutchinson is entitled to withdraw his plea because the plea agreement, under which the state agreed to leave parole eligibility to the court's discretion, was based on a legal impossibility." ECF No. 1 at 6.

## II.　TRANSCRIPTS

Hutchinson asks that I direct Radtke to provide the court with the sentencing transcripts and unspecified pretrial transcripts. Radtke submitted the sentencing transcripts with his answer. ECF No. 10-10. As for the unspecified pretrial transcripts, Hutchinson concedes that they "may not be necessary." ECF No. 17 at 2. Therefore, I will deny his request.

## III.　DISCUSSION

I may only grant a petition for a writ of habeas corpus if the state court decision on the merits of the petitioner's claim was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). I must presume that any factual determination made by the state court is correct, but the petitioner may rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### A. Plea Colloquy

Despite only raising the legal impossibility claim in his petition, Hutchinson now raises the plea colloquy claim in his briefing. That claim, again, contends that Hutchinson did not voluntarily, knowingly, and intelligently enter his guilty plea because the trial court's plea colloquy did not expressly inform him of the three options for extended supervision on a life sentence as required by Wis. Stat. § 971.08. Radtke responds that the claim is procedurally defaulted and cannot serve as a ground for granting the writ.

Before seeking a writ of habeas corpus in federal court, a petitioner must exhaust available state remedies. 28 U.S.C. § 2254(b)(1)(A). A petitioner's duty to fairly present their federal claims "in each appropriate state court (including a state supreme court with powers of discretionary review)," *Baldwin v. Reese*, 541 U.S. 27, 29 (2004), is included in this exhaustion requirement. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To fulfill this duty, a petitioner must place "both the operative facts and the controlling legal principles before the state courts." *Sturgeon v. Chandler*, 552 F.3d 604, 610 (7th Cir. 2009) (quoting *Chambers v. McCaughtry*, 264 F.3d 732, 738 (7th Cir. 2001)). "The argument must be placed in the petitioner's brief to the court; the 'requirement is not met if a judge must go outside the four corners of the document in order to understand the contention's nature and basis.'" *Id.* (quoting *Lockheart v. Hulick*, 443 F.3d 927, 929 (7th Cir. 2006)).

"A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis*, 390 F.3d at 1026. A procedural default does not create an absolute bar to habeas relief. *Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009). A petitioner can overcome a procedural default by demonstrating "both cause for and prejudice stemming from that default" or "that the denial of relief will result in a miscarriage of justice." *Lewis*, 390 F.3d at 1026.

Hutchinson procedurally defaulted his plea colloquy claim because he did not pursue the claim before the Wisconsin Supreme Court. His petition for review lists only one issue: "Is Hutchinson entitled to withdraw his guilty plea because the plea agreement was an agreement to a legal impossibility." ECF No. 10-6 at 3. The argument section

5

consequently only focuses on the legal impossibility issue. In fact, the defectiveness of the plea colloquy is only mentioned twice in the petition, both times to summarize the procedural history of the case.

To excuse the default, Hutchinson claims that his appellate counsel was ineffective for failing to raise the colloquy issue in the petition for review. This claim could potentially supply cause for Hutchinson's default. *See Lewis*, 390 F.3d at 1026. "However, a claim of ineffectiveness must itself have been fairly presented to the state courts before it can establish cause for a procedural default of another claim." *Id.* Hutchinson has not pursued an ineffective assistance of appellate counsel claim in state court. Earlier in this case, he sought a stay and abeyance to exhaust his state remedies on that claim. ECF No. 11. I denied his motion because Hutchinson did not establish "good cause for failing to exhaust any ineffective assistance claim in state court in the roughly sixteen months between the Wisconsin Supreme Court's denial of review in November 2019 and his filing of this motion." ECF No. 13 at 2–3. Here, again, he has not provided any explanation for his failure to exhaust an ineffective assistance of appellate counsel claim. As a result, Hutchinson has not demonstrated good cause to excuse the procedural default of his plea colloquy claim. Therefore, I may not entertain the claim on habeas review.

### B. Legal Impossibility

The only claim for relief that is properly before the court is the legal impossibility claim. Hutchinson contends that the plea agreement, under which the State agreed to leave parole eligibility to the trial court's discretion, was based on a legal impossibility because the trial court did not have the authority to grant parole under Wis. Stat. §

6

Case 2:20-cv-01830-LA    Filed 12/08/21    Page 6 of 9    Document 21

973.014. Radtke responds that Hutchinson abandoned this claim because he failed to sufficiently brief the matter.

It is true, as Radtke argues, that "[p]erfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived." *Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009). However, Hutchinson is a pro se litigant, and I must liberally construe his filings. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). I can discern his argument, however limited it might be, so I will turn to the merits of the claim. *See id.*

A guilty plea is not merely a confession. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A defendant who enters a guilty plea waives several constitutional rights, including the right against self-incrimination, the right to a trial by jury, and the right to confront one's accuser. *Id.* at 243. As such, a guilty plea "is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A guilty plea is not voluntary if it is "induced . . . by misrepresentation (including unfulfilled or unfulfillable promises)." *Brady*, 397 U.S. at 755.

At the plea colloquy, the prosecutor informed the trial court that in exchange for Hutchinson's guilty plea, the State "would leave to the sound district of [the trial court] as to when or whether the defendant would be eligible to petition for parole." ECF No. 10-9 at 2:25–3:2. Hutchinson contends that this promise was a legal impossibility (i.e., an unfulfillable promise) because a person sentenced to life imprisonment for a crime committed after 1999 is not eligible for parole under Wis. Stat. § 973.014(1g).

7

What Hutchinson fails to appreciate is that the trial court made a factual finding about the State's promise. The trial court concluded, and the court of appeals, agreed that the prosecutor misspoke at the plea colloquy when he referred to parole instead of extended supervision. Accordingly, the trial court found that the State promised to leave *extended supervision* eligibility to the discretion of the trial court, not parole eligibility. That is consistent with Wis. Stat. § 973.014(1g) and thus not an unfulfillable promise.

Because the terms of a plea agreement are questions of fact, *Wren v. Champagne*, 125 F. App'x 60, 62 (7th Cir. 2005), the trial court's finding is presumed correct. Hutchinson may rebut this presumption with clear and convincing evidence, but he has failed to do so. His factual analysis is limited to two conclusory sentences: (1) "As discussed above Mr. Hutchinson enter this plea on false pretenses promise to him by the state on which could never be filled," and (2) "The terminology error is a new factor warranting a sentencing modification." ECF No. 17 at 9, 11. Hutchinson's mention of material "discussed above" is presumably a reference to his statement of facts, which is a photocopy of the statement of facts from his appellate brief. The only favorable fact in that section is the prosecutor's statement at the plea hearing that referenced parole eligibility. The court of appeals considered that statement alongside two additional facts—that the plea questionnaire referenced "supervised release" and that the attachment to the plea questionnaire drafted by Hutchinson's trial counsel included the extended supervision language of Wis. Stat. § 973.014—and agreed with the trial court's finding. I do not find that the state courts' decisions were based on an unreasonable determination of the facts in light of the evidence, and Hutchinson has not come forward with clear and

convincing evidence to suggest otherwise. Therefore, he is not entitled to habeas relief on this claim.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner may not appeal the dismissal of a habeas petition without a certificate of appealability (COA). 28 U.S.C. § 2253(c). I denied Hutchinson's plea colloquy claim on procedural grounds and his legal impossibility claim on the merits. For claims denied on procedural grounds, a district court should issue a COA if the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For claims denied on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* I conclude that Hutchinson cannot meet these standards. Therefore, I will deny Hutchinson a certificate of appealability. He may nonetheless seek a certificate from the Seventh Circuit under Federal Rule of Appellate Procedure 22.

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that Hutchinson's petition for writ of habeas corpus is **DENIED** and the case is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

Dated at Milwaukee, Wisconsin, on this 8th day of December, 2021.

           s/Lynn Adelman_____
           LYNN ADELMAN
           United States District Judge